Richard E. Donahoo (SBN 186957)
**DONAHOO & ASSOCIATES**
440 W. First Street, Suite 101
Tustin, California 92780
Telephone (714) 953-1010
Facsimile (714) 953-1777
rdonahoo@donahoo.com

Attorneys for Plaintiffs RENE O. QUIROZ SANDOVAL, et al.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE O. QUIROZ SANDOVAL, MIGUEL ANGEL ARDON, JORGE REYES NUNEZ, OSCAR ABREW, JOSE M. VARGAS on behalf of themselves, the general public, and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>ROADLINK USA PACIFIC, INC., et al.<br><br>　　　　　　Defendants. | Case No.:  EDCV10-0973-VAP (DTBx)<br>Judge:  Hon. Virginia A. Phillips<br>Magistrate Judge: Hon. David T. Bristow<br><br>**CLASS ACTION**<br><br>**[PROPOSED] JUDGMENT**<br><br>[Filed Concurrently With Motion for Final Approval, Motion for Attorneys Fees and Costs; Declarations in Support thereof ]<br><br>Date: June 18, 2012<br>Time: 2:00 p.m.<br>Place: Courtroom 2 |

After review of the settlement between Plaintiff and Defendant Roadlink, including briefing and supporting declarations, on February __, 2012, this Court preliminarily approved the Settlement as fair and reasonable and approved the proposed Notice and Claim Form.

On June 18, 2012, this Court held a final fairness and approval hearing (the "Final Settlement Hearing"), for which members of the Settlement Class had been given appropriate notice. Plaintiffs' motion for final approval of the class action settlement in this case, as well as Plaintiffs' request for an award of attorneys' fees, costs, was heard. The parties appeared through their counsel of record. There were no written objections filed prior to, or otherwise presented to the Court, at the hearing, and there were no other appearances at the hearing.

The Court, after considering all papers filed and proceedings conducted herein, and otherwise being fully informed and good cause appearing therefore, granted final approval of the settlement and issued an Order thereon.

THE COURT HEREBY FINDS AND ORDERS THAT FINAL JUDGMENT IS ENTERED AS FOLLOWS:

The Court has jurisdiction over the subject matter of this litigation, the Plaintiff, defendant Roadlink, members of the Class, the Settlement Administrator, and the claims and causes of action asserted in the Action as released in the Stipulation and Agreement to Settle Putative Class Action (the "Settlement Agreement").

All terms used herein have the same meaning as defined in the Settlement Agreement filed with the Court in support of preliminary approval of the settlement.

The Court finds that the Settlement Agreement has been entered into in good faith following arms' length negotiations and is non-collusive.

The Court grants final approval of the settlement and Settlement Agreement, including but not limited to the release in thereof, and finds that the settlement and Settlement Agreement are in all respects fair, reasonable, adequate, and in the best interests of the Class Members. No Class Member has requested exclusion; therefore, all Class Members are bound by this Final Judgment.

**Class Certification**

The Court finds that certification of the Class for settlement purposes is appropriate.

The preliminarily certified Class is now finally certified, for purposes of effectuating the settlement, as follows:

All current and former employees employed by Defendant as truck drivers within the State of California from the period of March 18, 2006 through the Preliminary Approval Date of the class settlement.

In its Preliminary Approval Order, the Court appointed Plaintiffs as class representative for purposes of representing the Class. The Court hereby affirms that appointment.

In its Preliminary Approval Order, the Court appointed the law firm of Donahoo & Associates as Class counsel. The Court hereby affirms that appointment.

**Class Notice**

The Declaration of Tim Cunningham of Settlement Administrator CPT Group, Inc. shows that Notice, in English and Spanish, was given to the Class by first-class mail in accordance with the Settlement Agreement and with the Court's Preliminary Approval Order. The Class Notice complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the Settlement of this Action. There were no opt-outs.

**Class Relief**

Defendant Roadlink shall timely deposit with the Settlement Administrator in accordance with the Settlement Agreement and as described below, the monies necessary to permit the Settlement Administrator to distribute the Individual Settlement Payments to Participating Class Members, and the Settlement Administrator will distribute the Individual Settlement Payments in accordance with the Settlement Agreement.

The essential economic terms of settlement are as follows:

Defendant shall provide to the Settlement Administrator no later than 30 days after the Date of Finality Two Hundred, Forty-one Thousand, Five Hundred Dollars ($241,500), minus the Initial Payment made to the Settlement Administrator for initial Settlement Administration Costs pursuant to Section 3.6(c), below. The Settlement Administrator will use these funds to fund payment of Class Counsel's attorney fees and costs, payment to Named Plaintiffs for the individual claims, the Individual Settlement Payments to Participating Class Members, and the balance of the Settlement Administration Costs

The Net Settlement Sum shall be used to fund Individual Settlement Payments. The Net Settlement Sum shall be divided between all Participating Class Members based on the number of workweeks they worked for Defendant during the Class Period. To arrive at an Original Workweek Value, the Net Settlement Sum will be divided by the total number of workweeks worked by all Class Members during the Class Period. The Original Workweek Value will be used to calculate the estimated amount each Class Member will receive based on the number of workweeks each individual Class Member worked during the Class Period, which will be included on the Class Members' Claim Forms. After the time for submitting Claim Forms has passed and after final approval by the Court, the Net Settlement Sum will be dispersed among Participating Class Members

4
CASE NO. EDCV10-0973
**JUDGMENT**

(those who returned valid and timely Claim Forms) based on a New Workweek Value. To arrive at a New Workweek Value, the Net Settlement Sum will be divided by the total number of workweeks worked by the Participating Class Members during the Class Period. To arrive at an Individual Settlement Payment amount, the New Workweek Value will be multiplied by the number of workweeks worked by each individual Participating Class Member during the Class Period. If a Participating Class Member worked any day during a workweek, it will be counted as a workweek for purposes of calculating the Individual Settlement Payment.

Each Individual Settlement Payment will represent wages, interest, and penalties allocated using the following formula: one-quarter allocated to wages and three-quarters allocated to interest and penalties.

Defendant will provide the Claims Administrator with the numbers of workweeks for each Participating Class Member. Based on that information, no later than ten days after the Date of Finality, the Settlement Administrator shall calculate: (a) Defendant's share of the payroll taxes applicable to the Net Settlement Sum, (b) the Net Settlement Sum itself, (c) the Individual Settlement Payment for each Participating Class Member based on the formula specified above, and (d) the amount of the Individual Settlement Payment to be allocated to wages and interest and penalties based on the formula specified above.

No later than 30 days after receiving from Defendant the balance of the Maximum Settlement Sum pursuant to Section 3.6(a) above, the Settlement Administrator shall prepare and mail the checks for the Individual Settlement Payments to Participating Class Members. Individual Settlement Payments paid from the Net Settlement Sum allocated to wages will be reduced by applicable payroll withholdings and deductions, and the Settlement Administrator will issue a Form W-2 for the wage portion of the Individual Settlement Payments. The

Settlement Administrator will issue a Form 1099 to the extent required by law for the interest and penalty portions of the Individual Settlement Payments. Participating Class Members shall have 120 days from the date their Individual Settlement Payment checks are dated to cash their settlement checks. Any checks that are not cashed upon the expiration of that 120-day time period will be void, and the monies represented by the checks shall be donated to Children's Hospital of Orange County ("CHOC"), or to any other non-profit organization mutually agreeable by the parties and approved by the Court.

If a check is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall promptly attempt to obtain a valid mailing address by performing a mass search on LexisNexis databases based on set criteria and, if another address is identified, shall mail the check to the newly identified address. If the Settlement Administrator is unable to obtain a valid mailing address through this process, the monies represented by the check shall be donated to CHOC, or to any other non-profit organization mutually agreeable by the parties and approved by the Court.

**No Spillover of Residuals.** Any residual amount of the Net Settlement Sum remaining after all Participating Class Members' claims are paid will be donated to CHOC, or to any other non-profit organization mutually agreeable by the parties and approved by the Court..

As of the Date of Finality, each and every released claim of each and every Releasing Class Member (as defined in the Settlement Agreement) shall be deemed to be conclusively released as against the Released Party (as defined in the Settlement Agreement). As of the Date of Finality, all of the Releasing Class Members are hereby forever barred from prosecuting the released claims against the Released Party. The Court finds that the Settlement Agreement is in good faith

and constitutes a fair, reasonable, and adequate compromise of the released claims against Fruth Custom Plastics, Inc.

As of the Date of Finality, each and every claim, known or unknown, of the Class Representative shall be deemed to be conclusively released as against the Released Party (as defined in the Settlement Agreement).

The Settlement Agreement is not an admission by Defendant Roadlink, nor is this Judgment a finding as to the liability for any claims in the Action. The Released Party may file in this Action or in any other proceeding this Judgment, or any other papers and records on file in the Action as evidence of the Settlement to enforce the terms of the Settlement or to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the released claims.

### Attorneys' Fees, and Costs

The Court also hereby awards Class Counsel attorneys' fees in the amount of Eighty Thousand Four Hundred Nineteen Dollars ($80,419.00) and costs in the amount of Four Thousand One Hundred Seventeen Dollars and seven cents ($4,117.07) to be paid from the amount paid by Defendant Roadlink as set forth above. The attorneys' fees and costs shall be paid by the Settlement Administrator by check made payable to Class Counsel, which shall be delivered to Class Counsel within 30 days after the Date of Finality pursuant to the Settlement Agreement.

### Other Provisions

The Settlement Administrator shall, in consultation with Class Counsel and Defendant's Counsel, administer the settlement in good faith and in accordance with the terms of the Settlement Agreement. The balance of the Settlement Administration costs shall be paid to the Settlement Administrator out of the

Maximum Settlement Sum after the Date of Finality pursuant to the Settlement Agreement.

This Court retains jurisdiction over this Action, Plaintiffs, Defendant, all Class Members, and the Settlement Administrator to determine all matters relating in any way to this Final Judgment, the Order granting final approval, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to their administration, implementation, interpretation, or enforcement of the Settlement Agreement and the resolution of claims disputes or challenges.

The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

If the Settlement Agreement, the Preliminary Approval Order, and the Final Judgment are reversed, vacated, or modified in any material respect, or the Date of Finality, fails to occur for any reason, then neither the Settlement Agreement, the Preliminary Approval Order, nor this Judgment shall have any force or effect, the Parties shall be restored, without prejudice, to their respective positions prior to entering into the Settlement Agreement, and any certification of the Class for settlement purposes shall be vacated.

Dated: _____     _____

United States District Court Judge