1  James H. Hanson (pro hac vice)
   jhanson@scopelitis.com
2  A. Jack Finklea (pro hac vice)
   jfinklea@scopelitis.com
3  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
   10 West Market Street, Suite 1500
4  Indianapolis, IN 46204
   Tel:   (317) 637-1777
5  Fax:   (317) 687-2414

6  Adam C. Smedstad (pro hac vice)
   asmedstad@scopelitis.com
7  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
   30 West Monroe Street, Suite 600
8  Chicago, IL 60603
   Tel:   (312) 255-7200
9  Fax:   (312) 422-1224

10 Kathleen C. Jeffries, Cal. Bar No. 110362
   kjeffries@scopelitis.com
11 Christopher C. McNatt, Jr., Cal. Bar No. 174559
   cmcnatt@scopelitis.com
12 SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
   2 North Lake Avenue, Suite 460
13 Pasadena, CA 91101
   Tel:   (626) 795-4700
14 Fax:   (626) 795-4790

15 Attorneys for Defendant,
   Roadlink USA Pacific, Inc., now Roadlink USA Pacific, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RENE O. QUIROZ SANDOVAL, MIGUEL ANGEL ARDON, JORGE REYES NUNEZ, OSCAR ABREW, JOSE M. VARGAS on behalf of themselves, the general public, and all other similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ROADLINK USA PACIFIC, INC., a California corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO. 5:10-cv-00973-VAP/DTB <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE** <br><br> Date:  November 5, 2012 <br> Time:  2:00 p.m. <br> Judge: Hon. Virginia A. Phillips, Courtroom 4 |

Defendant, Roadlink USA Pacific, Inc. ("Roadlink"), respectfully submits Defendant's Opposition to Plaintiffs' Motion for Order to Show Cause Why Sanctions, Including Judgment, Should not be Entered Against Roadlink USA Pacific, Inc.:

## I.

## **INTRODUCTION**

After approximately two years of litigation, this Court issued its Order Granting Motion for Final Approval of Class Action Settlement (the "Order") on July 9, 2012. *See* ECF No. 65. According to the Settlement Agreement between the parties (the "Settlement Agreement"), the funds outlined in the Settlement Agreement were to be paid by September 7, 2012. *See* ECF No. 47-3; ECF No. 69. Roadlink has not yet made the payments outlined in the Settlement Agreement due to substantial turnover in the finance and accounting department, and it is completing a comprehensive review of the company's finances, but Counsel for Roadlink has informed the Settlement Administrator that Roadlink is in the process of releasing and wiring the funds. *See* ECF No. 70, ¶ 7. Roadlink, in good faith, expects to be able to make payment of funds in the next several weeks, but in any event, before the end of the year.

While the Order did approve the Settlement Agreement, it also dismissed the Plaintiffs' action with prejudice. *See* ECF No. 65. Within the Order, this Court did not retain jurisdiction over the matter beyond approval of the Settlement Agreement. The Order also did not explicitly incorporate the terms of the Settlement Agreement into the language of the Order. For these reasons, the Court does not have jurisdiction to enforce the Settlement Agreement as requested by the Plaintiffs in their Motion for Order to Show Cause Why Sanctions, Including Judgment, Should Not Be Entered Against Roadlink USA Pacific, Inc. ("Motion for Order to Show Cause"), ECF No. 69.

Even if the Court has indeed retained jurisdiction over enforcement of the Settlement Agreement, nothing in the Order or the Settlement Agreement entitles Plaintiffs to an award of sanctions or judgment, as has been requested. *See* Motion for Order to Show Cause, ECF No. 69. Additionally, sanctions and/or judgment are

inappropriate awards under the present circumstances. For these reasons, in the event that the Court determines it does have jurisdiction to enforce the Settlement Agreement, Roadlink respectfully requests that the Court deny Plaintiffs' Motion for Order to Show Cause.

## II.

## ARGUMENT

Roadlink has made clear its continuing efforts to comply with the terms of the Settlement Agreement. With this commitment to its contractual obligations in mind, Roadlink objects to Plaintiffs' contentions that this Court retains jurisdiction to enforce the Settlement Agreement or that sanctions and/or judgment are warranted to Plaintiffs in connection with the enforcement of the Settlement Agreement.

### A.

### The Court Has Not Retained Jurisdiction to Enforce the Settlement Agreement

Plaintiffs have claimed that the Court retains jurisdiction to enforce the Settlement Agreement by virtue of the provisions within the Settlement Agreement. *See* ECF No. 69, p. 8. However, the Court must retain jurisdiction within its order of dismissal or explicitly incorporate the terms of the Settlement Agreement in order to be able to exercise jurisdiction over the enforcement of the Settlement Agreement. The Court has not taken either action and thus the Court has not retained jurisdiction to enforce the Settlement Agreement.

Although Plaintiffs claim that the parties agreed on retention of jurisdiction, well-settled law establishes that parties cannot confer jurisdiction on the Court. *Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993) ("[a] federal court may refuse to exercise continuing jurisdiction even though the parties have agreed to it. Parties cannot confer jurisdiction by stipulation or consent."). "[E]nforcement of a settlement agreement, whether through damages or specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."

1  *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007); *see also*
2  *Holst v. Ridge*, 78 Fed. Appx. 580, 581 (9th Cir. 2003); *O'Connor v. Colvin*, 70 F.3d
3  530, 532 (9th Cir. 1995).

4       The general rule outlined in *Alvarado*, *Holst*, and *O'Connor* has two recognized exceptions. The first exception applies when a court order declares that jurisdiction will continue for enforcement of a settlement agreement. *O'Connor*, 70 F.3d at 532. The second exception applies if the court, in its order, explicitly incorporates the terms of the settlement agreement. *Id*. However, an order "based on" a settlement agreement, without more, does not "embody the settlement contract" and is insufficient to create ancillary jurisdiction. *Id*. The general rule and its two exceptions have also been adopted in the class action context, where district courts also "have no inherent reason to enforce settlement agreements." *Avata v. Nu-Skin Intern, Inc.,* 96 F.3d 1265, 1268-69 (9th Cir. 1996) (explicit reservation of jurisdiction provided court with ability to enforce settlement agreement).

      Nothing in the Order declares that jurisdiction shall be continuing. *See* ECF No. 65. Rather, this Court dismissed the action with prejudice effective July 9, 2012. Without an explicit statement retaining jurisdiction to enforce the Settlement Agreement, the first exception is inapplicable. *See O'Connor*, 70 F.3d at 532.

      The second exception is likewise inapplicable, as the Order does not contain a provision explicitly incorporating the terms of the Settlement Agreement. *See* ECF No. 65. "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *O'Connor*, 70 F.3d at 532. The actual terms of the agreement must be part of the order in order to make a violation of the settlement agreement equivalent to a violation of a court order. *Id*. Instead of explicitly incorporating the terms of the Settlement Agreement, the Order instead only approves the amount to be paid and the formula used to calculate that amount owed. *See* ECF No. 65, p. 33. The approval of some terms of the Settlement Agreement is not sufficient to consider the terms incorporated, *O'Connor,* 70 F.3d at 532 ("the settlement

terms must be part of the dismissal in order for violation of the settlement agreement to amount to a violation of the court's order."). Notably, the Order does not include terms from the Settlement Agreement with regards to the date of payment or retention of jurisdiction. *See* ECF No. 65.

The Order does not explicitly retain jurisdiction over enforcement of the Settlement Agreement. The Order likewise does not incorporate the terms of the Settlement Agreement so as to make a violation of the Settlement Agreement a violation of the Court's Order. Without the application of either of these recognized exceptions, the Court does not maintain jurisdiction to enforce the Settlement Agreement after dismissal of the case with prejudice. Because jurisdiction is lacking, Plaintiffs' Motion for Order to Show Cause should be rejected.

### B.

### Neither Sanctions Nor Judgment are Appropriate Requests for Relief

Even if the Court finds that it has retained jurisdiction over enforcement of the Settlement Agreement, Plaintiffs have requested inappropriate relief in the form of sanctions (including attorney fees) and/or judgment in favor of Plaintiffs. In relying upon the Settlement Agreement and its terms for enforcement, Plaintiffs have failed to point to any provisions within the Settlement Agreement that authorize awards of sanctions and/or judgment. Plaintiffs have also failed, in their Motion for Order to Show Cause, to provide any legal basis for the requested relief. Without either showing, Plaintiffs cannot be awarded sanctions or judgment as a means of enforcement of the Settlement Agreement.

### 1.

### The Settlement Agreement Does Not Provide for Sanctions or Judgment

Plaintiffs have stated: "Under the terms in the settlement agreement, the Court retains jurisdiction to enforce the settlement agreement." *See* ECF No. 69, p. 8. Setting aside the issues regarding conferring jurisdiction upon the Court (*see supra.*), Plaintiffs are asking for enforcement according to the terms of the Settlement Agreement.

However, nothing in the Settlement Agreement provides for enforcement via awards of sanctions or judgment against Roadlink.

The relevant enforcement provision of the Settlement Agreement, § 6.15, holds that the Settlement Agreement will be "enforceable by the Court" and that the "sole purpose is to adopt the *terms* of the Settlement" and "to enforce and effectuate the *terms* and intent" of the Settlement. *See* Settlement Agreement, ECF No. 47-3, § 6.15. However, nothing in this provision (or in any other provisions within the Settlement Agreement) authorized sanctions and/or entry of judgment against Roadlink. Instead, the Settlement Agreement expressly precludes adjudication or liability. *Id.* Plaintiffs cannot rely on the terms of the Settlement Agreement alone to provide a basis for sanctions and/or judgment; this basis is simply not present in the Settlement Agreement.

**2.**

**No Legal Basis Has Been Provided for Award of Sanctions or Entry of Judgment**

In addition to Plaintiffs' failure to establish a basis for relief from the terms of the Settlement Agreement, Plaintiffs have also failed to provide a legal basis for the requested relief. Plaintiffs have not presented legal reasoning to establish the need for sanctions and/or judgment as a means of enforcement. Without establishing the legal basis for the requested relief, Plaintiffs cannot call for the Court to blindly award sanctions and/or judgment.

Generally, courts will award sanctions for "willful disobedience" of a court order or acts of a party in bad faith. *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001); *see also Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140-41 (9th Cir. 2002). Plaintiffs have failed to show action that rises to the level of "willful disobedience" of a court order and have likewise not alleged bad faith on the part of Roadlink. Plaintiffs cannot create a basis for sanctions without the necessary showing.

California cases have consistently refused the award of sanctions in cases involving late payment of settlement amounts or enforcement of the terms of a

1  settlement agreement.  *See Prejean v. Lynwood Unified School District*, No. CV 07-05053 DDP, 2008 WL 5115279, *2 (C.D. Cal. Dec. 3, 2008) (no bad faith found sufficient for award of sanctions in situation involving failure to pay attorney fees); *Micromedia B.V. v. ByteShield, Inc.*, No. C 10–3861 EDL, 2011 WL 5573345, *5 (N.D. Cal. Nov. 16, 2011) (no sanctions for failure to execute settlement documents and failure to pay $20,000.00 owed under agreement); *Schiff v. City and County of San Francisco*, Nos. C-03-4345 MMC, C-04-2261 MMC, C-04-2262 MMC, 2007 WL 2301773, *13 (N.D. Cal. Aug. 8, 2007) (no sanctions for refusal to sign settlement agreement previously agreed to by parties); *Tripple AAA Association for Children with Developmental Disabilities ex. rel. McKissick v. Clark*, No. 06cv0744-IEG, 2007 WL 4277533, *2 (S.D. Cal. Dec. 4, 2007) (no sanctions, but rather only order to comply, after refusal by one party to execute agreed-upon settlement).

In the above cases, while the court directed the parties to comply with the settlement agreement, none of the decisions included awards of sanctions or entries of judgment against the non-compliant party.  Indeed, courts have expressly rejected the request made by Plaintiffs here—attorney's fees for enforcement of the Settlement Agreement. *See Roe v. White*, No. C 03-04035 CRB, 2006 WL 335237, *1 (N.D. Cal. Feb. 13, 2006)(court cannot provide attorney's fees for enforcement of a settlement agreement in the absence of a provision within the agreement specifically providing for fees).   Likewise, Roadlink has searched and found no cases awarding Plaintiffs' requested relief of judgment as a sanction.  Sanctions and/or judgment are not warranted against Roadlink, as it is not acting in "willful disobedience" of a court order or in bad faith.  Instead, Roadlink is continuing to make efforts to complete its obligations, but has had substantial turnover in its finance and accounting department and is completing a comprehensive review of the company's finances.  The review should be complete and payment made in the next several weeks, but in any event, before the end of the year.  Based on the absence of a legal basis for sanctions and/or

judgment, combined with a lack of bad faith or willful disobedience, Roadlink respectfully requests that this Court deny Plaintiffs' Motion for Order to Show Cause.

## III.

## CONCLUSION

Roadlink is actively working to make payment in accordance with the Settlement Agreement entered into between Plaintiffs and Roadlink, with expectation of full payment soon. However, in the interim, Plaintiffs cannot be heard to move to enforce judgment in this Court when this Court has not retained jurisdiction via its final Order (ECF No. 65). Even in the event that the Court has retained jurisdiction to enforce the Settlement Agreement, nothing in the Settlement Agreement nor in case law establishes a basis for the relief requested by Plaintiffs – sanctions and/or judgment. Plaintiffs have failed to establish legal reasoning supporting this relief and, even if the relief had been properly requested, the circumstances do not support an award of sanctions or entry of judgment. For all these reasons, Roadlink respectfully requests that this Court deny Plaintiffs' Motion for Order to Show Cause.

Respectfully submitted,

/s/ A. Jack Finklea
A. Jack Finklea
Christopher C. McNatt, jr.

Attorneys for Defendant,
Roadlink USA Pacific, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following attorneys of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Richard E. Donahoo<br>Sarah L. Kokonas<br>DONAHOO & ASSOCIATES<br>440 W. First Street, Suite 101<br>Tustin, CA 92780 | Jose Martinez<br>MARTINEZ & ASSOCIATES<br>440 W. First Street, Suite 102<br>Tustin, CA 92780 |

/s/ A. Jack Finklea
A. Jack Finklea

H:\Users\bleive\Documents\Roadlink\By Sandoval 13841.31\Pleadings\Show Cause Opposition.doc

9
Case No. 5:10-cv-00973-VAP/DTB
Opposition to Plaintiffs' Motion for Order to Show Cause