Richard E. Donahoo (SBN 186957)
Judith L. Camilleri (SBN 282503)
**DONAHOO & ASSOCIATES**
440 W. First Street, Suite 101
Tustin, California 92780
Telephone (714) 953-1010
Facsimile (714) 953-1777

JS-6

Attorneys for Plaintiffs RENE O. QUIROZ SANDOVAL, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE O. QUIROZ SANDOVAL, MIGUEL ANGEL ARDON, JORGE REYES NUNEZ, OSCAR ABREW, JOSE M. VARGAS on behalf of themselves, the general public, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ROADLINK USA PACIFIC, INC., et al.<br><br>Defendants. | Case No.: EDCV10-0973-VAP (DTBx)<br><br>Judge: Hon. Virginia A. Phillips<br>Magistrate Judge: Hon. David T. Bristow<br><br>[PROPOSED] JUDGMENT<br><br>Date: November 26, 2012<br>Time: 2:00 p.m.<br>Place: Courtroom 4<br>3470 Twelfth Street<br>Riverside, CA 92501 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

In this employment matter, Plaintiffs RENE O. QUIROZ SANDOVAL, et al. ("Plaintiffs") brought a class action and individual claims against defendant ROADLINK USA PACIFIC, INC. ("Roadlink").

**CLASS ACTION SETTLEMENT AGREEMENT (DOC 47-3)**

On January 17, 2012, the parties submitted a proposed class action settlement for Court approval (Doc 47-3). The Court preliminarily approved the settlement. (Doc 51) Notice of the settlement was made to the class. There were no objectors or opt-outs. Plaintiffs moved for final approval of the settlement (Doc 54); Roadlink submitted a

declaration in support of final approval (Doc 56). On July 9, 2012 the Court granted final approval of the settlement, approved the settlement amount of $241,500 to be paid by Roadlink and disbursed to the Class Members, Class Counsel and Settlement Administrator under the proposed formula outline in the Settlement Agreement and dismissed the action with prejudice. (Doc 65).

It is undisputed that settlement funds were due to be paid by Roadlink on or before September 7, 2012. It is undisputed Roadlink failed to make any payments.

Plaintiffs, through counsel, met and conferred with Roadlink without success. Plaintiffs brought an application for an Order to Show Cause why sanctions, including judgment, should not be entered (Doc 67). Plaintiffs thereafter brought a noticed motion seeking an Order To Show Cause why sanctions, including judgment, should not be entered. (Doc 69).

On November 1, 2012 the Court issued an Order to Roadlink to show cause on or before November 26, 2012, at 2:00 p.m. why sanctions, including judgment, should not be entered against it for violating the Court's order enforcing terms of the Settlement Agreement. (Doc 74).

On November 19, 2012, Class Counsel submitted a Supplemental Declaration and proposed Judgment.

Having considered the moving and opposing papers, and after a hearing thereon, the Court finds that there is no reasonable grounds for justification for Defendant's failure to comply with the terms of the class action settlement agreement.

Therefore, for GOOD CAUSE, this court hereby enters JUDGMENT on behalf of Plaintiffs RENE O. QUIROZ SANDOVAL, et al., on behalf of themselves and the Settlement Class, who have and shall recover from defendant ROADLINK USA PACIFIC, INC. the amount of $241,500 in damages for the class action claims, ~~with interest at the rate of 10% per annum from September 7, 2012 until November ___, 2012 in the amount of $_____~~. The funds shall be distributed pursuant to the previously approved class action settlement.

**INDIVIDUAL CLAIMS SETTLEMENT AGREEMENT (DOC 47-4)**

Plaintiffs RENE O. QUIROZ SANDOVAL, MIGUEL ANGEL ARDON, JORGE REYES NUNEZ, OSCAR ABREW and JOSE M. VARGAS ("Plaintiffs") brought individual causes of action against defendant Roadlink. The individual causes of action were resolved in a written settlement agreement which required payment by Roadlink to Plaintiffs in the amount of $83,500.00 (See Doc 47-4). There is no dispute that Roadlink has not paid any of the settlement funds.

Having considered the moving and opposing papers, and after a hearing thereon, the Court finds that there is no reasonable grounds for justification for Defendant's failure to comply with the terms of the individual settlement agreement.

Therefore, for GOOD CAUSE, this court hereby enters JUDGMENT on behalf of Plaintiffs RENE O. QUIROZ SANDOVAL, MIGUEL ANGEL ARDON, JORGE REYES NUNEZ, OSCAR ABREW, JOSE M. VARGAS, individually, separate and apart from their claims as Class Members, who shall recover from defendant ROADLINK USA PACIFIC, INC. the amount of $83,500.00 in damages for their individual claims, ~~with interest at the rate of 10% per annum from September 7, 2012 until November ___, 2012 in the amount of $_____~~.

**ATTORNEYS FEES RE ENFORCEMENT**

In addition, the Court finds that monetary sanctions are appropriate to compensate Class Counsel for unanticipated attorneys' fees associated with enforcement of the Agreements. The Court has inherent power to assess sanctions for bad-faith conduct in litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991). The Court finds that Roadlink has acted in bad faith. Roadlink does not submit any evidence that it cannot pay the settlement funds or any justifiable reason for its failure to pay.

In addition, the individual settlement agreement provides that "should any party prevail in any action brought against the other to enforce the terms of this Agreement, or to recover damages for breach of this Agreement, the prevailing part shall be entitled to recover from the other its reasonable attorneys fees incurred in the action, along with

costs, and damages." (Doc 47-4, p. 8 OF 15).

Court finds that Plaintiffs are the prevailing party for purposes of enforcing the individual settlement agreement and should be compensated reasonable attorneys' fees for unanticipated attorneys' fees associated with enforcement of the individual settlement Agreement. Roadlink does not submit any evidence that it cannot pay the settlement funds or any justifiable reason for its failure to pay.

Therefore, for GOOD CAUSE shown, the Court hereby awards attorneys' fees in the amount of $ 9,900.00 to be paid to Plaintiffs ~~Counsel~~ within 10 days.

IT IS HEREBY ORDERED

Dated: Dec. 18 2012

Virginia A. Phillips
UNITED STATES DISTRICT COURT JUDGE